# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIC BARONE<br>210 Cadbury Drive<br>Red Lion, PA 17356<br><br>             Plaintiff,<br><br>   v.<br><br>IDEXCEL, INC.<br>459 Herndon Parkway, Suite 11<br>Herndon, VA 20170<br>    and<br>HONEYWELL INTERNATIONAL, INC. d/b/a<br>HONEYWELL INTELLIGRATED<br>7901 Innovation Way<br>Mason, OH 45040<br><br>             Defendants. | CIVIL ACTION<br><br>No.: _____<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Nic Barone (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Idexcel, Inc. and Honeywell International Inc. d/b/a Honeywell Intelligrated (hereinafter collectively "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Middle District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Honeywell International Inc. d/b/a Honeywell Intelligrated (hereinafter individually referred to as "Defendant Honeywell") is a material handling automation and software engineering company, headquartered at the above-captioned address. Plaintiff, however, was hired through and worked out of Defendant Honeywell's facility located at 2110 N. Union Street, Middletown, PA 17057.

9. Idexcel, Inc. (hereinafter individually referred to as "Defendant Idexcel"), is a corporation headquartered in Virginia, offering staffing, professional, technology, and business services through several states in the United States (including Pennsylvania).

10. Plaintiff was placed by Defendant Idexcel, Inc. to work within Defendant Honeywell, and although Plaintiff was hired and paid through Defendant Idexcel, Plaintiff was treated in all functional respects like an employee while working within Defendant Honeywell. Defendant Honeywell's management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address his work concerns with Defendant Honeywell's management and was obligated to follow the policies of Defendant Honeywell. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is an adult male.

14. On or about January 11, 2021, Plaintiff was hired as a direct (W-2) employee by Defendant Idexcel and was thereafter placed to work within Defendant Honeywell, at a UPS Hub/Warehouse located at 2110 N. Union Street, Middletown, PA 17057.

15. Within the UPS Hub/Warehouse, Plaintiff was directly supervised and managed by management from Defendant Honeywell.

16. Plaintiff's placement by Defendant Idexcel was with the intent that: (a) Plaintiff would work for Defendant Honeywell; (b) Plaintiff would potentially become full-time and/or hired by Defendant Honeywell (as a direct employee); and (c) at all times Plaintiff would report to Defendant Honeywell's management and work as an employee of Defendant Honeywell.

17. Defendant Honeywell is one of many branches/divisions of Honeywell International, and Defendant Honeywell's particular division provides material handling automation to third parties (such as UPS).

18. Plaintiff was hired as a Safety Coordinator.

19. Plaintiff worked for Defendants for a period of approximately 15 months, until his unlawful termination (discussed further *infra*) effective April 2, 2022.

20. Throughout his employment with Defendants, Plaintiff was an exemplary employee with no prior history of discipline, and he performed his role very well.

21. On a day-to-day basis, Plaintiff was primarily supervised by Defendant Honeywell management including but not limited to Lead, Heidi Donahue (hereinafter "Donahue") and Regional Supervisor, Melissa Giancola (hereinafter "Giancola").

22. Almost immediately after Plaintiff began working for Defendants, he observed/became aware of a sexual harassment double standard within Defendant Honeywell's workplace, permitting female management to engage in any sexually harassing abuse(s) without consequence(s).

23. From the onset of his employment with Defendants, Plaintiff was observed and/or was subjected to sexually harassing, offensive, and unwelcomed comments, gestures, and actions by Donahue and Giancola. These included but were not limited to (solely by way of example(s)):

   a. Telling people to lick their cunts or suck their dicks;
   b. Walking into men saying they were stud finders;
   c. Wiping their hands on their crotches and waiving their hands to smell; and
   d. A host of other grotesque statements, inclusive of talking about things they wanted to do sexually.

24. Plaintiff did his best to ignore the aforesaid sexually harassing, offensive, and unwelcomed behavior by Donahue and Giancolo, clearly showing his discomfort through his body language and clear discomfort with their comments/conduct, but their inappropriate and disgusting conduct continued unabated.

25. Plaintiff was such a hard and dedicated worker that he worked approximately 85 of the last 89 days in 2022 due to business need, short staffing, and dedication – working up to 7 days a week (and through many weekends, less some Sundays).

26. Nonetheless, the aforesaid instances of severe and pervasive conduct were so upsetting to Plaintiff that he complained to Donahue and Giancola and other management about what he perceived to be "sexual harassment" and unwelcome sexual gestures.

27. Plaintiff even complained of clear gender disparity in the workplace in that a male manager was fired for a single comment, while Donahue and Giancola engaged in sexual harassment pervasively, without ramifications.

28. Plaintiff became very vocal about his aforesaid concerns/complaints of gender discrimination and sexual harassment towards the end of his employment with Defendants.

29. Thereafter, Plaintiff was approved for a week off from work, from on or about April 4, 2022, through April 11, 2022.

30. Following Plaintiff's week off from work, he tried clocking in but was informed by Defendant Honeywell's management that he had been terminated effective April 2, 2022 (even though Plaintiff had actually worked on April 3, 2022).

31. Even though Defendant Honeywell's management knew that Donahue and Giancola had subjected Plaintiff and other employees to sexually harassing and offensive behavior on several different occasions (which upon information and belief is a terminable offense), Defendant Honeywell's management did not take any meaningful remedial action to correct Donahue's and Giancola's inappropriate conduct and, upon Plaintiff's information and belief, Donahue and Giancola remain employed with Defendant Honeywell following Plaintiff's termination on or about April 2, 2022.

32. Plaintiff believes and therefore avers that he was not hired full-time, subjected to a hostile work environment, and ultimately terminated by Defendant Honeywell for his complaints of gender discrimination and sexual harassment.

33. Following his termination, Plaintiff reached out to Defendant Idexcel's representative, Kupali Singh (hereinafter "Singh"), to inform Singh that he had been subjected to sexual harassment, gender discrimination, and retaliation for complaining of same by Defendant Honeywell's management during his tenure with Defendant Honeywell.

34. Following his complaints to Defendant Idexcel's representative, Singh, of sexual harassment, gender discrimination, and retaliation (set forth *supra*), Plaintiff has not been hired, assigned or placed in any other comparable or realistic jobs/assignments by Defendant Idexcel.

35. Plaintiff believes and therefore avers that Defendant Idexcel has not hired, assigned or placed him in any other comparable or realistic jobs/assignments in retaliation for complaining of violations under Title VII.

## COUNT I
## Violations of Title VII
**([1] Gender Discrimination; [2] Sexual Harassment/Hostile Work Environment; and [3] Retaliation)**
**-Against Defendant Honeywell-**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During his tenure with Defendant Honeywell, Plaintiff was observed/was subjected to severe and pervasive sexual gestures, comments, and conduct by supervisors Donahue and Giancola, such that he was subjected to a hostile work environment.

38. Plaintiff also observed/became aware of a sexual harassment double standard within Defendant Honeywell's workplace, permitting female management to engage in any sexually harassing abuse(s) without consequence(s), unlike their male counterparts.

39. Donahue's and Giancola's sexual harassment interfered with Plaintiff's work and as a result he was forced to complain of said sexual harassment and gender disparity to Donahue, Giancola, and Defendant Honeywell's management in advance of his termination.

40. Despite Plaintiff's complaints of sexual harassment and gender discrimination, Donahue and Giancola continued to subject Plaintiff to unwelcomed sexual comments/gestures/conduct.

41. Despite Plaintiff's repeated complaints of sexual harassment and gender discrimination to Defendant Honeywell's management, Defendant Honeywell's management continued to harass Plaintiff through disparate treatment, pretextual admonishment, and failure to hire Plaintiff full-time.

42. Effective April 2, 2021, in close proximity to his most recent complaints of sexual harassment and gender discrimination, Defendant Honeywell abruptly terminated Plaintiff for pretextual reasons.

43. Plaintiff believes and therefore avers that he was not hired full-time, subjected to a hostile work environment, and ultimately terminated from Defendant Honeywell for having complained of sexual harassment and gender discrimination under Title VII.

44. These actions as aforesaid constitute unlawful violations under Title VII.

## COUNT II
## Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Retaliation)
### -Against Defendant Idexcel-

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Following his termination effective April 2, 2021, by Defendant Honeywell, Plaintiff reached out to Defendant Idexcel's representative, Singh, and informed her that he had witnessed/been subjected to sexual harassment, gender discrimination, and retaliation in violation of Title VII by Defendant Honeywell's management during his tenure with Defendant Honeywell.

47. Since Plaintiff's complaints of sexual harassment, gender discrimination, and retaliation to Defendant Idexcel's representative, Singh, Plaintiff has not been hired, assigned or placed in any other comparable or realistic jobs/assignments by Defendant Idexcel, despite requesting same.

48. Plaintiff believes and therefore avers that Defendant Idexcel has not hired, assigned or placed him in any other comparable or realistic jobs/assignments in retaliation for complaining of sexual harassment, gender discrimination, and retaliation.

49. These actions as aforesaid constitute unlawful violations under Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 8, 2022

9